KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-2577-W |
|---|---|---|
| Plaintiff, | ) ) ) | DATE: September 15, 2008<br>TIME: 2:00 p.m. |
| v. | ) ) | |
| NOE ARAGON-LARIOS, | ) ) | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:** |
| Defendant. | ) ) ) ) ) ) | **(1) FINGERPRINT EXEMPLARS**<br><br>**(2) RECIPROCAL DISCOVERY** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its Motions for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached memorandum of points and authorities.

///

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On August 12, 2008, defendant Noe Aragon-Larios was arraigned on a one-count indictment charging him with attempted entry after deportation, in violation of Title 8, United States Code, Section 1326(a). Defendant entered a plea of not guilty.

## II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On July 12, 2008, Border Patrol Agent A. Calderon, Jr. was on duty near Otay Mesa, CA. At approximately 4:00 p.m., Agent Calderon observed multiple individuals crawling through a hole in the secondary border fence approximately one mile east of the Otay Mesa, CA Port of Entry. Upon responding to the location, Agent Calderon encountered the individuals crawling through the grass.

Agent Calderon conducted field interviews of the seven individuals. Each individual, including Defendant, admitted to being a citizen of Mexico without documents allowing him to enter or remain in the United States. At that point, Agent Calderon placed Defendant and the six other individuals under arrest.

At approximately 6:30 p.m. on July 12, 2008, Border Patrol agents provided Defendant with Miranda warnings. Defendant elected to make a statement. He informed the agents that he was a citizen of Mexico and that he did not possess documents allowing him to enter the United States. According to Defendant, his intent in entering the United States was to seek employment in Encinitas, CA.

**B.    Defendant's Immigration History**

Defendant is a citizen of Mexico. On or about April 9, 2008, Defendant was removed from the United States to Mexico pursuant to an Order of an Immigration Judge. Defendant subsequently was removed to Mexico on June 19, 2008.

**C.    Defendant's Criminal History**

On May 30, 2008, Defendant was convicted of a violation of 8 U.S.C. § 1326(a) and sentenced to 60 days in prison.

## III

## UNITED STATES' MOTIONS

**A.**   **Motion For Fingerprint Exemplars**

The Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature, and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.**   **Motion For Reciprocal Discovery**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 36 pages of discovery and one DVD, including reports of his arrest, his rap sheet, and copies of immigration and conviction documents.

The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Federal Rules of Criminal Procedure 16(b) and 26.2. Specifically, Rule 16(b)(1) requires Defendant to disclose to the United States all exhibits, documents and reports of testing or examination which Defendant intends to use in his case-in-chief at trial and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motions.

DATED: August 27, 2008.          Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-2577-W |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| NOE ARAGON-LARIOS, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES NOTICE OF MOTIONS AND MOTIONS FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Bridget Kennedy, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2008.

/s/ David D. Leshner
DAVID D. LESHNER